UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

RICHARD CLOSSER, )
 )
        Plaintiff, )
 )
     v. ) No. 2:09-CV-44-AGF
 )
PAUL PARKINSON, )
 )
        Defendant. )

## **ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Richard Closser for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this action against defendant Paul Parkinson, (Judge, Macon County Probate Court). Plaintiff alleges that defendant "dismiss[ed] [his] case twice in his court without any grounds or any action on his part."

**Discussion**

Liberally construing this action as having been brought pursuant to 42 U.S.C. § 1983, the Court will dismiss the complaint as legally frivolous. Defendant Paul Parkinson is immune from liability for damages under § 1983 because the alleged wrongdoings were performed within his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The filing of complaints and other legal documents is an integral part of the judicial process. Thus, defendant is protected by judicial immunity from damages for alleged civil rights violations committed in connection

with the performance of such tasks. See <u>Smith v. Erickson</u>, 884 F.2d 1108, 1111 (8th Cir. 1989).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 4th day of September, 2009.

_____
**UNITED STATES DISTRICT JUDGE**